IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RELINK US LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>    Defendant. | Civil Action No.: 1:23-cv-1093<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Relink US LLC ("Plaintiff" or "Relink"), by and through its attorneys, complains and alleges against Tesla, Inc. ("Defendant" or "Tesla") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of U.S. Patent No. 9,793,755 ("'755 patent") arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*

## THE PARTIES

2. Plaintiff Relink is a Texas limited liability company located at 1830 Kelly Lane, Rockwall, Texas. Its managing member, Mr. Paul Garrity, is a named inventor of the '755 patent. Mr. Garrity is a prolific inventor having been a named inventor on over 40 patents. Tesla is familiar with Mr. Garrity's innovations, as Tesla is the assignee of numerous patented inventions created by Mr. Garrity concerning various solar and energy technologies.

3. Relink is the current owner and assignee of the '755 patent and holds all rights necessary to bring this action.

4. On information and belief, Tesla is a Delaware corporation with its headquarters located at 1 Tesla Road, Austin, Texas 78725.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has specific and personal jurisdiction over Tesla and venue is proper because Tesla resides in, has a regular and established place of business in, and is headquartered in this District and this Division. On information and belief, Tesla has its 10 million-square-foot global headquarters, located at 1 Tesla Road, Austin, Texas 78725. On information and belief, Tesla has multiple additional retail and/or service locations in the District and Division, including at 11600 Century Oaks Terrace, Austin, TX 78758, 12845 Research Boulevard, Austin, Texas 78759, 500 E St Elmo Rd, Austin, TX 78745, and 2323 Ridgepoint Dr, Austin, TX 78754. On information and belief, Tesla employs over 12,000 people in the District.

## THE '755 PATENT

7. Relink is the sole and exclusive owner of all right, title, and interest in the '755 patent and holds the exclusive right to take all actions necessary to enforce its rights in, and to, the '755 patent, including the filing of this patent infringement lawsuit. Relink also has the right to recover all damages for past, present, and future infringement of the '755 patent and to seek injunctive relief as appropriate under the law.

8. On October 17, 2017, the United States Patent Office issued the '755 patent, titled "Uninterruptible Power Supply and Method for Managing Power Flow in a Grid-Tied Photovoltaic System." A copy of the '755 patent is attached as Exhibit A.

## COUNT I

### Infringement of the '755 Patent

9. Relink incorporates the preceding paragraphs herein by reference.

10. This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq.*

11. The '755 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on October 17, 2017, after full and fair examination.

12. Tesla has and continues to directly and indirectly infringe (by inducement and/or contributory infringement) one or more claims of the '755 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use sell, offer to sell, and/or import, the Accused Instrumentalities, their components, and/or products containing the same that incorporate the fundamental technologies covered by the '755 patent, including its home backup systems that include inverters, including those of the Powerwall (fka Powerwall 2) and Powerwall+ systems (collectively, the "Accused Instrumentalities").

13. Tesla has directly infringed and continues to directly infringe the '755 patent by making, using, offering for sale, selling, and/or importing into the United States the Accused Instrumentalities in this District and elsewhere in Texas and the United States.

14. Claim 1 of the '755 patent, for example, reads as follows:

1. An uninterruptible power supply comprising:

a bi-directional converter configured to operate as an alternating current voltage source;

a direct current power port configured to be coupled to a battery;

a first alternating current power port coupled to the bi-directional converter and

configured to be coupled to a current-source inverter, wherein the current-source inverter is configured to adjust an output power as a function of a frequency of the alternating current voltage source; and

a controller configured to regulate a power flow of the current-source inverter by adjusting a frequency of the alternating current voltage source.

15. Tesla has directly infringed, and continues to directly infringe, one or more claims of the '755 patent, including at least claim 1 of the '755 patent, literally and/or or under the doctrine of equivalents, by or through making, using, offering for sale, selling, and/or importing the Accused Instrumentalities and reasonably similar products in violation of 35 U.S.C. § 271(a).

16. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '755 patent. By way of illustration only, the Accused Instrumentalities satisfy each and every element of claim 1 of the '755 patent. A claim chart comparing exemplary claim 1 of the '755 patent to representative Accused Instrumentalities is attached as Exhibit B.

17. In addition, and/or in the alternative to its direct infringement, Tesla has also infringed and continues to infringe the claims of the '755 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Tesla's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Tesla's instructions infringe the claims of the '755 patent, in violation of 35 U.S.C. § 271(a). Tesla intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations, and other published information. For example, Tesla's website instructs and encourages its customers to use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, at https://www.tesla.com/support/energy/powerwall/mobile-app/mobile-app-overview;

https://www.tesla.com/support/energy/powerwall/mobile-app/powerwall-modes;

https://www.tesla.com/support/energy/powerwall/mobile-app/go-off-grid;

https://www.tesla.com/support/energy/powerwall/own/connecting-network. Tesla also provides "Technical Support" to assist and encourage users to use and operate the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, https://service.tesla.com/docs/Public/Energy/Powerwall/Powerwall+-Owners-Manual-NA-EN/GUID-2B6FE022-8318-4645-9262-9C33C9536E19.html; https://service.tesla.com/docs/Public/Energy/Powerwall/Powerwall-2-Owners-Manual-NA-EN/GUID-119C16D1-9B63-4582-9A23-3CFD3F387FEB.html. Thus, Tesla actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Tesla is thereby liable for infringement of the '755 patent under 35 U.S.C. § 271(b).

18. At a minimum, Tesla has had knowledge of the '755 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Tesla has continued to engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities. Thus, on information and belief, Tesla (1) had actual knowledge of the patent; (2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

19. Additionally, or alternatively, Tesla is liable as a contributory infringer of the '755 patent under 35 U.S.C. § 271(c) by having offered for sale, sold and/or imported and continuing to offer for sale, selling, and importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringing the '755 patent. The Tesla inverters are a material component for use in practicing the '755 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

20. As a result of Tesla's infringement of the '755 patent, Relink has suffered monetary damages (past, present and future) and is entitled to no less than a reasonable royalty for Tesla's use

of the claimed inventions of the '755 patent, together with interest and costs as determined by the Court. Relink will continue to suffer damages in the future.

21.    Tesla's acts of direct and indirect infringement have caused and continue to cause damages to Relink. Relink is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Tesla's wrongful acts in an amount to be proven at trial.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relink hereby demands a trial by jury as to all issues so triable.

## **PRAYER FOR RELIEF**

Relink respectfully requests that the Court find in its favor and against Tesla, and that the Court grant Relink the following relief:

A.    For judgment that Tesla is liable for infringement of one or more claims of the '755 patent, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

B.    For an accounting of all damages sustained by Relink as the result of Tesla's acts of infringement, including compensatory damages in an amount according to proof, and in no event less than a reasonable royalty;

C.    For a mandatory future royalty payable on each and every future sale by Tesla of a product that is found to infringe one or more claims of the '755 patent and on all future products which are reasonably similar to those products found to infringe;

D.    For a judgment and order requiring Tesla to pay Relink's damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '755 patent as provided under 35 U.S.C. § 284;

E. For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Relink its reasonable attorneys' fees; and

F. For such other and further relief in law and in equity as the Court may deem just and proper.

Dated: September 13, 2023

Respectfully submitted,

*/s/ B. Russell Horton*
Marc Belloli (*Pro Hac Pending*)
California State Bar No. 244290
mbelloli@bdiplaw.com
M. Elizabeth Day (*Pro Hac Pending*)
California State Bar No. 177125
eday@bdiplaw.com
Jerry D. Tice II
State Bar No. 24093263
jtice@bdiplaw.com
Ben Brownlow (*Pro Hac Pending* )
North Carolina State Bar No. 44258
bbrownlow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real,
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

B. Russell Horton
State Bar No. 10014450
rhorton@gbkh.com
George Brothers Kincaid & Horton, L.L.P.
114 West 7th St., Suite 1100
Austin, TX 78701
Tel: (512) 495-1400
Fax: (512) 499-0094

*Attorneys for Plaintiff*
Relink US LLC