Terry W. Ahearn, SBN 216543
tahearn@tesla.com
Krista M. Carter, SBN 225229
kricarter@tesla.com
Gina H. Cremona, SBN 305392
gcremona@tesla.com
3000 Hanover St.
Palo Alto, CA 94304
Tel: 408.204.7384

Attorneys for Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISON

|  |  |
|---|---|
| RELINK US LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>TESLA, INC.,<br><br>       Defendant. | Case No. 3:25-cv-03365-RFL<br><br>**TESLA, INC.'S OPPOSITION TO PLAINTIFF RELINK US LLC'S NOTICE OF MOTION AND MOTION FOR RETRANSFER AND/OR FOR TRANSFER UNDER 28 U.S.C. § 1406(a)**<br><br>**Date: July 1, 2025**<br>**Time: 10:00 a.m.**<br>**Courtroom: 15, 18th Floor**<br>**Judge: Hon. Rita F. Lin** |

i


## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTIO………………………………………….. ........................  1

II.     LEGAL STANDARD....................................................................................  1

III.    TRANSFER WAS PROPER AND THE DUE PROCESS CLAUSE
        DOES NOT MANDATE TRANSFER................................................................  3

        A.  28 U.S.C. § 1404(a) Personal Jurisdiction in Transferee Court Over Plaintiff Is
            Not Required…………………………………………………………  4
        B.  Due Process and Personal Jurisdiction……………………………………  6
        C.  The Cases Relink Relies on Are Inapplicable………………………………..  7

IV.     CONCLUSION ....................................................................................  10

ii

1

# **TABLE OF AUTHORITIES**

2

3

**Cases**                                                                                                       **Page(s)**

4

5

*Amini Innovation Corp. v. JS Imports Inc.*,
    497 F. Supp. 2d 1093 (C.D. Cal. 2007) ............................................................... 6

6

*Amphastar Pharms., Inc. v. Momenta Pharms., Inc.*,
    No. ED CV 15–01914, 2016 WL 6822312 (C.D. Cal. Jan. 26, 2016)................................ 5

7

*Arvidson v. Reynolds Metal Co.*,
    107 F. Supp. 51 (W.D. Wash. 1952)....................................................................... 8

8

9

*Bacchus Mgmt. Grp., LLC v. Talisker Canyons (WA Dakota), LLC*,
    No. C 11-00987, 2011 WL 13243723 (N.D. Cal. August 2, 2011) ................................ 2, 5

10

*BNSF Ry. Co. v. Tyrrell*,
    581 U.S. 402 (2017) ...................................................................................... 9

11

12

*Bunting v. Carter-Bunting*,
    No. 11-cv-0414, 2012 WL 460458 (S.D. Cal. Feb. 13, 2012)...................................... 9

13

*Int'l Shoe v. Washington*,
    326 U.S. 310 (1945) ...................................................................................... 6

14

15

*Ironworkers Local Union No. 68 v. Amgen, Inc.*,
    No CV 07-5157, 2008 WL 312309 (C.D. Cal. Jan 22, 2008)......................................... 5, 6

16

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)............................................................................. 5

17

18

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,
    909 F. 3d 1134 (Fed. Cir. 2018).......................................................................... 9

19

*Morrow v. Vertical Doors Inc.*,
    No. CV 09–0256, 2009 WL 1698560 (D. Ariz. June 17, 2009) ........................................ 7

20

*Muldoon v. Tropitone Furniture Co.*,
    1 F.3d 967 (9th Cir. 1993)...................................................................... *passim*

21

*Murray v. Scott*,
    176 F. Supp. 2d 1249 (M.D. Ala. 2001) ............................................................. 2, 6, 7

22

23

*Nilon v. Natural-Immunogenics Corp.*,
    No. 12–cv–00930, 2012 WL 2871658 (S.D. Cal. July 12, 2012)................................... 9

24

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) ..................................................................................... 10

25

26

*Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*,
    No. 12-cv-911, 2012 WL 2068728 (S.D. Cal. June 8, 2012).......................................... 5

27

*Simpson v. Best W. Int'l, Inc.*,

28

No. 3:12-CV-04672, 2012 WL 5499928 (N.D. Cal. Nov. 13, 2012) ............................... 8, 9

*Stewart Title of Nevada, Inc. v. Haenisch*,
    206-cv–00966, 2006 WL 3717419 (D. Nev. Dec. 14, 2006) .................................... 8

*Tucker v. McKesson Corp.*,
    No. C 10–2981, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) ............................. 9

*U.S. Aluminum Corp. v. Kawneer Co., Inc.*,
    694 F.2d 193 (9th Cir. 1982) ................................................................. 5

*University of California v. Eli Lilly & Co.*,
    C-90-0373, 1991 WL 332056 (N.D. Cal. Nov. 4, 1991) ....................................... 5

*Vitria Tech., Inc. v. Cincinnati Ins. Co.*,
    No. C 05-01951 JW, 2005 WL 2431192 (N.D. Cal. Sept. 30, 2005) ...................... 8

**Statutes**

28 U.S.C. § 1391 ......................................................................................... 3

28 U.S.C. § 1404 .................................................................................... *passim*

28 U.S.C. § 1406 ..................................................................................... 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff, Relink US LLC ("Relink" or "Plaintiff") fails to show the "extraordinary circumstances" required for this Court to retransfer this matter back to the U.S. District Court for the Western District of Texas ("Western District").  Indeed, Relink does not contest the substantive holding of the Honorable David Ezra of the Western District that "no factor weighs against transfer." Transfer Order, redacted version at Dkt. No. 80 at 22.  Instead, Relink makes the legally erroneous and unsupported argument that this matter should be returned to the Western District because Relink is not subject to personal jurisdiction in the U.S. District Court for the Northern District of California ("Northern District").   But Relink does not present a serious challenge to the well-settled and controlling law on this point.  As Plaintiff, Relink is not subject to the requirements of personal jurisdiction for transfer to be proper, as the Western District found, under 28 U.S.C. § 1404(a). Relink's protestations regarding violations of due process are unavailing.  Concerns of due process and minimum contacts are reserved for defendants subject to the judgment of the court.  Relink fails to cite any law squarely in support of its already rejected argument that transfer under 28 U.S.C. § 1404(a) is only proper if *plaintiff* is subject to personal jurisdiction in the transferee court.  Any such rule would nullify the venue and transfer statutes, and it is not the law.  Relink's motion to retransfer should be denied.

## II.    LEGAL STANDARD

"Once a transferor court has transferred an action to a transferee court, the transferee court should generally abide by the transferor court's transfer decision and should not retransfer the case." *Goor v. Vignoles*, No. C 12-01794 DMR, 2012 WL 5499841, at *2 (N.D. Cal. Nov. 13, 2012) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).  A transferee court may retransfer a case in "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Id*. (quoting *Christianson*, 486 U.S. at 817).  It may also do so based on "a considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order."  *Id*. (quoting *In re Cragar Indus.*,

*Inc.*, 706 F.2d 503, 505 (5th Cir. 1983)); *see also In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) ("[T]he transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" (citation omitted)). Relink fails to make either showing. Instead, Relink simply reargues an issue that has already been raised and decided—by the Western District in transferring this case, as well as by countless other district courts, the 9th Circuit, and the Federal Circuit. *See infra* III.A.

This case was transferred to the Northern District pursuant to 28 U.S.C. § 1404(a), which "allows a district court to transfer any civil action to any other district or division where it might have been brought when the convenience of parties and witnesses and the interest of justice so require." Transfer Order at 4 (citations omitted). It is the law of the land that "[t]here is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009); *see also Murray v. Scott*, 176 F.Supp. 2d 1249 (M.D. Ala. 2001). Indeed, it is irrelevant whether the transferee court has jurisdiction over the plaintiff; venue is proper so long as the action could have been brought in that court. *See, e.g.*, *Bacchus Management Group, LLC v. Talisker Canyons (WA Dakota), LLC*, 2011 WL 13243723, at * (N.D. Cal. Aug. 2, 2011).

Relink moves for retransfer pursuant to 28 U.S.C. § 1406(a) based on its assertion that "transfers for lack of personal jurisdiction occur under [28 U.S.C.] 1406(a)." Plaintiff Relink US LLC's Motion for Retransfer and/or for Transfer under 28 U.S.C. § 1406(a) at Dkt. No. 81 ("Relink Motion") at 3:25-26 (citing *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 967, 967 (9th Cir. 1993)). But *Muldoon* does not state nor stand for the proposition that retransfers for lack of personal jurisdiction over plaintiffs occur under § 1406(a). *Muldoon*, 1 F.3d at 967. *Muldoon* distinguished cases transferred under § 1404(a) for the convenience of the parties with cases transferred "under §§ 1404(a) *or* 1406(a) to cure lack of personal jurisdiction *in the transferor district*" over the

2

1    defendants to determine which jurisdiction's choice of law rules apply. *Id.* at 967.[1]  Indeed, 28

2    U.S.C. § 1406(a) does not apply to this issue at all.  First, § 1406(a) only applies in the district where

3    the case was filed. *Id.* ("The district court of a district *in which is filed a case* laying ….").  Here,

4    Relink filed the initial case in the Western District, not the Northern District.  Second, § 1406(a)

5    only applies in cases "laying venue in the wrong division or district." *Id.*  Venue was not "wrong"

6    in the Western District.  28 U.S.C. § 1391(b)(1).  And venue is not "wrong" in the Northern District.

7    *Id.* at § 1391(b)(2).  Relink's misreading and/or misunderstanding of these and other statutes and

8    cases belies its claim for relief.

9    **III.    TRANSFER WAS PROPER AND THE DUE PROCESS CLAUSE DOES NOT**

10   **MANDATE RETRANSFER**

11        Relink contends that the Texas court erred in transferring this case to the Northern District

12   because "the Due Process Clause of the Fourteenth Amendment mandates that a case cannot be

13   transferred to a forum lacking personal jurisdiction over the plaintiff."  Relink Motion at 1:20-23.

14   Relink further argues that "whether transfer is permissible under § 1404(a) is an entirely separate

15   question from whether the Constitution permits such transfer and whether there is personal

16   jurisdiction under the Constitution in the transferee venue."  Relink Motion at 5:24-27.  Relink

17   already made these arguments, which the Texas court noted and rejected when it held "Relink's

18   personal jurisdiction argument does not preclude a determination that this case should be

19   transferred."  Transfer Order at pp. 6-7.[2]  Relink's arguments are no more compelling now than they

20   were in the Western District.  Relink has not shown that the "initial decision was clearly erroneous

21   and would work a manifest injustice" and, thus, its motion to retransfer should be denied. *Goor v.*

22   *Vignoles*, No. C 12-01794 DMR, 2012 WL 5499841, at *2.

23

24

25   _____
     [1] Emphasis added throughout unless noted otherwise.

26   [2] The Western District did not rule on whether Relink would be subject to personal jurisdiction in
     the Northern District, nor did it rule on whether personal jurisdiction for the plaintiff was even
27   relevant to keeping the case in the transferee district. *Id.* Any suggestion by Relink to the contrary
     should be rejected.

28

1

2

     A.     28 U.S.C. § 1404(a) – Personal Jurisdiction in Transferee Court Over Plaintiff Is Not Required

3

4

5

6

7

8

9

10

     Relink argues that the Western District erred in transferring this case to the Northern District based on its contention that the transferee forum must have personal jurisdiction over the plaintiff. Relink Motion at 1:12-13.  But this is not the law.  In the seminal case of *In re Genentech*, the Federal Circuit unambiguously held that jurisdiction over the plaintiff is not required: "***There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff***: there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).

11

12

13

14

15

16

17

18

19

20

21

22

     The Federal Circuit's decision in *elcommerce* is instructive.  *Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490 (Fed. Cir. 2014), *vacated on other grounds*, 564 Fed. Appx. 599 (Fed. Cir. 2014)).  After being transferred pursuant to 28 U.S.C. § 1404(a), the plaintiff moved to retransfer the case back to the transferor jurisdiction, arguing that "voluntary submission to the [original] jurisdiction [] does not carry over to an involuntary transfer to a different venue." *Id.* at 495.  The district court rejected this argument and concluded that, because elcommerce was the plaintiff in the original action, personal jurisdiction over elcommerce in the transferor court is unnecessary in an action transferred under § 1404(a). *Id.*  The Federal Circuit agreed that the case ***should not be transferred back*** to the court where the case was initially filed and then transferred pursuant to § 1404(a).  In doing so, the Federal Circuit concluded that "[p]recedent supports the position that personal jurisdiction over the plaintiff, in the forum in which the plaintiff filed suit, is not lost when the entire case is transferred to a forum in which the plaintiff could have sued this defendant." *Id.* at 496.

23

24

25

26

     Similarly, this case was transferred from the Western District—where the case was originally filed—pursuant to § 1404(a) to a court that Relink contends does not have personal jurisdiction over it because Relink allegedly lacks the 'minimum contacts' required.  Relink Motion at 6-8. And, as in *elcommerce*, Relink's voluntary submission to personal jurisdiction in the Western District carries

27

28

over to the Northern District.[3]  *Id.* ("Jurisdiction is determined at the time the complaint is filed.").

Ninth Circuit courts, including the Northern District, have consistently rejected Relink's argument.  For example, the Northern District in *University of California v. Eli Lilly & Co.* found that "the plain meaning of section 1404(a) and common sense" supports the proposition that whether the plaintiff could have been sued in the transferee forum is irrelevant to the § 1404(a) analysis. 1991 WL 332056, at *7 (N.D. Cal. Nov. 4, 1991).  Indeed, § 1404(a) "focuses on plaintiff's ability to bring suit rather than plaintiff's ability to defend suits brought by others." *Id.*  So long as the transferee jurisdiction is one where the case could have been brought by the plaintiff, the relevant requirement in § 1404(a) is met. *Id.* (nonetheless denying the motion to transfer because it was not established that the transferee venue was clearly more convenient).  *See also Bacchus Management Group, LLC v. Talisker Canyons (WA Dakota), LLC*, 2011 WL 13243723, at *8 (N.D. Cal. August 2, 2011) ("[A]s a matter of law, a transferee forum need not have personal jurisdiction over a plaintiff in order for transfer to be appropriate under § 1404(a)." (citation omitted)); *Amphastar Pharmaceuticals, Inc. v. Momenta Pharms., Inc.*, 2016 WL 6822312, at *2 (C.D. Cal. Jan. 26, 2016) (rejecting personal jurisdiction argument because "[t]his inquiry only asks if the transferee court has jurisdiction over the *defendants*, not the *plaintiffs*" (emphasis in original) (citations and quotations omitted));  *U.S. Aluminum Corp. v. Kawneer Co., Inc.*, 694 F.2d 193, 195 (9th Cir. 1982) (rejecting plaintiff's argument that it was improper to transfer its action to a forum that did not have jurisdiction over the plaintiff); *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, 2012 WL 2068728, *3 (S.D. Cal. 2012) (rejecting the patentee's argument that the case could not be transferred to the accused infringer's home forum because that court allegedly would not have personal jurisdiction over the patentee); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (considering personal jurisdiction of transferee court only with respect to defendants in upholding transfer); *Ironworkers*

---

[3] Notably, elcommerce had an even stronger argument than Relink does here in that there were declaratory counterclaims against elcommerce that could not have been separately brought in the transferee district due to the lack of personal jurisdiction over elcommerce.  The result is the same—the transferor "court possesses jurisdiction to decide the issues raised by the complaint, including the defenses and declaratory counterclaims." *Id.*

1    *Local Union No. 68 v. Amgen, Inc.*, No. CV 07-5157 PSG (AGRx), 2008 WL 312309 (C.D. Cal Jan.

2    22, 2008); *Amini Innovation Corp. v. JS Imports Inc.*, 497 F. Supp. 2d 1093, 1108 n.39 (C.D. Cal.

3    2007) ("To effect a transfer, ... defendants must be subject to personal jurisdiction in the [transferee]

4    district.").

5         Relink's attempt to reargue a position that has been repeatedly rejected based on well-

6    established and controlling case law does not show the "extraordinary circumstances" required for

7    this Court to retransfer the case back to the Western District. *See, e.g.*, *Goor v. Vignoles*, No. C 12-

8    01794 DMR, 2012 WL 5499841, at *2.

9         B.    Due Process and Personal Jurisdiction

10        Relink resurrects a Due Process Clause constitutional argument, objecting to the jurisdiction

11   of this Court under a 'minimum contacts' analysis typically applied when determining whether a

12   defendant (not a plaintiff) could be properly subject to jurisdiction.  Relink Motion at 4:8-6:18.

13        Relink argues (rather proposes) that "whether transfer is permissible under § 1404(a) ***is an***

14   ***entirely separate question from whether the Constitution permits such transfer*** and whether there

15   is personal jurisdiction under the Constitution in the transferee venue." *Id.* at 5:24-27.  It is not.  In

16   *Murray v. Scott*, 176 F. Supp. 2d 1249 (M.D. Ala. 2001), another seminal case on the issue raised

17   here, the court addressed the claim Relink asserts that "the court is restricted by the due process

18   clause which, [plaintiff] maintains, does not allow transfer to a district in which plaintiff does not

19   have 'minimum contacts' under *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154,

20   90 L.Ed. 95 (1945)." *Id.* at 1255.  In *Murray*, the court stated that "[D]ue process requires only that

21   in order to subject a defendant to a judgment in personam, if he be not present within the territory of

22   the forum, he have certain minimum contacts with it such that the maintenance of the suit does not

23   offend 'traditional notions of fair play and substantial justice.'" *Id.*  (citing *International Shoe*, 326

24   U.S. at 316).  As a result, "the minimum contacts requirement turns on the need to subject a party

25   '***to a judgement*** in personam.'"  *Id.*  As *Murray* reasoned:

26        The minimum-contacts concerns inhere ***when a party is haled into court without***
         ***its consent upon pain of a default judgment. These concerns are not present when***
27        ***a plaintiff is forced to litigate his case in another forum.*** Barring a counterclaim,

28

                                          6

1  plaintiff will not have judgment entered against him in the new forum; even with a
2  counterclaim, plaintiff chose to initiate litigation enabling the counterclaim. In no
   sense is plaintiff unilaterally being haled into court to defend. Indeed, plaintiff's
3  original choice of forum is preserved in at least one way: the law of the transferor
4  forum will govern in the litigation rather than the law of the new forum. ***Therefore,
   the International Shoe minimum-contacts analysis is not necessary. The
5  requirement that a litigant have minimum contacts with the forum simply does
   not exist for an ordinary plaintiff.***

6      *Id.* at 1255-56; *see also Morrow v. Vertical Doors Inc.*, 2009 WL 1698560 (2009) (citing
7  *Murray* and holding "the requirement of personal jurisdiction protects the right of a defendant to
8  defend himself in a forum where he resides or conducts business. It does not protect the right of a
9  plaintiff to bring suit in a forum that is convenient for him.").

10      Relink also argues that the Western District "did not … consider or render any opinion on
11  whether the ***Constitution*** permits a plaintiff's claim to be involuntarily transferred to a district that
12  does not have personal jurisdiction over the plaintiff." *Id.* at 5:28-6:2 (emphasis in the original). It
13  did.   Transfer Order at pp. 6-7.   The Western District expressly held that "Relink's personal
14  jurisdiction argument does not preclude a determination that this case should be transferred." *Id.*

15      Relink further argues that *Genentech* "cannot be reconciled with constitutional due process
16  requirements." *Id.* at 6, n2. It can.  The *Genentech* court addressed this issue head-on when it held
17  that "there is no requirement…that there be sufficient minimum contacts with the plaintiff; there is
18  only a requirement that the transferee court have jurisdiction over the defendants in the transferred
19  complaint." *Id.* at 1346 (citing *Murray*, 176 F. Supp. 2d at 1255).

20      Relink's claims of unconstitutionality are contrary to the law.  Concerns of due process and
21  minimum contacts are reserved for defendants subject to the judgment of the court.

22      C.    The Cases Relink Relies on Are Inapplicable

23      Relink ignores all the analogous cases holding that personal jurisdiction over plaintiffs is
24  irrelevant to the transfer and retransfer analysis.  Relink fails to rely on, much less cite, any cases
25  that directly support its contention that transfer is improper, although the requirements of § 1404(a)
26  have been held to have been met, due to lack of personal jurisdiction over the plaintiff.  Relink
27  misstates and misrepresents the cases it does rely on.

28
                                                    7

1    Relink asserts that "Courts in the Ninth Circuit have **repeatedly** recognized that a case cannot

2    be transferred under 28 U.S.C. § 1404(a) to a forum lacking personal jurisdiction over the plaintiff."

3    Relink Motion at 4:21-22.  In support of this erroneous statement, Relink cites a 73-year-old case—

4    that came well before all of the precedent discussed above—in which the court appeared to indicate

5    that the transferee forum must have personal jurisdiction over the plaintiff.  Relink Motion at 4:22-

6    5:5.  In *Arvidson v. Reynolds Metal Co.*, 107 F. Supp. 51 (W.D. Wash. 1952), the Washington court

7    held that an Oregon court would not have subject matter jurisdiction over a case concerning a

8    trespass to real property located in Washington or personal jurisdiction over the plaintiff and denied

9    transfer under § 1404(a).  *Arvidson* is not the current state of the law.  Indeed, this decision has not

10    been relied upon in the 73 years since it was decided.

11    *Stewart Title of Nevada, Inc. v. Haenisch*, 2006 WL 3717419 (D. Nev. Dec. 14, 2006) is

12    distinguishable.  There, the district court denied defendant's request to transfer and noted two

13    reasons.  *Id.*  First, it stated that transfer would require plaintiff to waive its objections to personal

14    jurisdiction in California.  *Id.* at *7.  The court, however, did not provide its rationale nor cite to or

15    distinguish any case law in support of this statement, including any of the precedent to the contrary

16    discussed herein.  *Id.*  Second, and more importantly, the court denied transfer because defendant

17    "failed to show California would be a more convenient forum for the parties or witnesses."  *Id.*

18    Likewise, the two Northern District of California cases that Relink relies on are inapposite.

19    In *Vitria Tech., Inc. v. Cincinnati Ins. Co.*, No. C 05-01951 JW, 2005 WL 2431192, at *4 (N.D. Cal.

20    Sept. 30, 2005), transfer was granted under § 1404(a) because a substantial part of the events giving

21    rise to the action occurred in the transferee court; for the convenience of the parties and witnesses;

22    and in the interests of justice.  *Id.* at *3-*4.  Transfer was not granted "only after finding" the plaintiff

23    had sufficient minimum contacts with the transferee court.  Relink Motion at 5:13-16.  In fact, the

24    *Vitria* court only mentioned "minimum contacts" in the context of discussing the interest of justice

25    prong of § 1404(a), not a challenge to personal jurisdiction in the transferee court.  *Vitria Tech.*,

26    2005 WL 2431192 at 4.  And the *Vitria* court did not cite to or distinguish any of the law rejecting

27    the argument Relink asserts here.  Again, in *Simpson v. Best W. Int'l, Inc.*, No. 3:12-CV-04672-JCS,

28

8

1    2012 WL 5499928, at *4 (N.D. Cal. Nov. 13, 2012), the court's reference to jurisdiction "over all

2    parties" (not just "plaintiff" as Relink cites) was in the context of whether the case could have been

3    brought in the proposed transferee court not in response to a challenge by plaintiff for lack of

4    jurisdiction in the proposed transferee court.  *Id.*; *see also Tucker v. McKesson Corp.*, No. C 10-

5    2981, 2011 WL 4345166 at *4 (N.D. Cal. Sept. 14, 2011) (same).

6          The two Southern District of California decisions cited by Relink fare no better.  Relink

7    argues that "the court denied the defendants' motion to transfer where the transferee courts did not

8    appear to have personal jurisdiction over the plaintiff."  Relink Motion at 5:11-13 (citing *Nilon v.*

9    *Natural-Immunogenics Corp.*, 2012 WL 2871658, at *3 (S.D. Cal. July 12, 2012) and *Bunting v.*

10   *Carter-Bunting*, 2012 WL 460458, at *7 (S.D. Cal. Feb. 13, 2012)).  This is blatantly false.  The

11   court (Judge Lorenz in both cases) did not deny the motions due to a lack of personal jurisdiction.

12   *Id.*  To the contrary, in both cases, the court stated that ***despite*** the lack of personal jurisdiction over

13   the plaintiff in the proposed transferee court, "the Court will continue with the analysis" under §

14   1404(a).  *Id.*  And based on the subsequent analysis of convenience, witnesses, and interests of justice

15   (not personal jurisdiction), the court denied transfer in both cases.  *Id.*

16         Relink's reliance on *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017) as "instructive" is as

17   bewildering as it is irrelevant.  Relink Motion at 6:6-15.  First, the case involved a question of

18   personal jurisdiction in a Federal Employers' Liability Act case.  *BNSF*, 581 U.S. at 404.  The case

19   had nothing to do with 28 U.S.C. § 1404(a).  Second, the case concerned personal jurisdiction over

20   the ***defendant***, not the plaintiff.

21         Lastly, Relink cites *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F. 3d 1134 (Fed. Cir.

22   2018) for the proposition that "[m]erely filing suit against Tesla—a Texas-based company that is

23   also subject to personal jurisdiction in this District—is not enough to confer personal jurisdiction

24   over Relink here as well.  Relink Motion at 7:24-28 (citing *Maxchief* that there was "no personal

25   jurisdiction over patentee in Tennessee even though effects of patentee's enforcement of its patent

26   may be felt in Tennessee").  First, *Maxchief* was a declaratory judgement action and the patentee in

27   that case was a declaratory judgment ***defendant***.  Second, and more importantly, Relink is wrong on

28    

1    the law.  *See, e.g.*, *Elcommerce.com,* 745 F.3d at 496 ("Precedent supports the position that personal

2    jurisdiction over the plaintiff, in the forum in which the plaintiff filed suit, is not lost when the entire

3    case is transferred to a forum in which the plaintiff could have sued this defendant.").

4    **IV.    CONCLUSION**

5             For the foregoing reasons, the Court should deny retransfer of this action back to the

6    United States District Court for the Western District of Texas.[4]

7

8    Dated:  May 28, 2025                                    TESLA, INC.

9

10                                                            Respectfully submitted,

11                                                            /s/ Terry W. Ahearn

12                                                            Terry W. Ahearn, SBN 216543
13                                                            tahearn@tesla.com
                                                              Krista M. Carter, SBN 225229
14                                                            kricarter@tesla.com
                                                              Gina H. Cremona, SBN 305392
15                                                            gcremona@tesla.com
                                                              3000 Hanover St.
16                                                            Palo Alto, CA 94304
                                                              Tel: 408.204.7384
17

18                                                            ***Counsel for Tesla, Inc.***

19

20

21

22

23

24

---

25    [4] If the Court determines that personal jurisdiction over Relink is required for the case to continue
26    in the Northern District, Tesla respectively requests to be allowed limited discovery into whether
      Relink has 'minimum contacts' in this District.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,
27    351 n.13 (1978) ("Where issues arise as to jurisdiction or venue, discovery is available to ascertain
28    facts bearing on such issues.").

10

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on May 28, 2025, a true and correct copy of the foregoing response was served on all counsel of record who have appeared in this case via email and/or the Court's CM/ECF system per Local Rule CV-5.