UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELINK US LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA INC.,<br><br>        Defendant. | Case No. 25-cv-03365-RFL<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 81 |

      Relink US LLC ("Relink") originally filed this patent infringement suit against Tesla, Inc. ("Tesla") in the Western District of Texas. On December 18, 2023, Tesla moved to transfer the case to this Court. (Dkt. No. 32.) In response, Relink argued that this Court lacks personal jurisdiction over Relink and that the Constitution prohibited a transfer under these circumstances. (Dkt. No. 46 at 9.) The Texas court granted Tesla's motion on April 3, 2025, finding that "Tesla has clearly shown that a transfer to NDCA will realize a gain in convenience" and that "no factor[s] weigh[] against transfer." (Dkt. No. 76 at 22.) The court observed that the Federal Circuit had previously determined that "[t]here is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." (Dkt. No. 76 at 6 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).) Relink now moves to transfer this case back to the Western District of Texas, reasserting its prior argument that the Constitution prohibits transfer to a court that lacks personal jurisdiction over Relink. (Dkt. No. 81.) For the reasons stated below, Relink's motion is **DENIED**.

1

***Legal Standard.***  A transferee court may retransfer a case if "the original transfer order is manifestly erroneous," if "impelling and unusual circumstances exist," or if "the original purposes of the transfer have been frustrated by an unforeseeable later event." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom*, LLC, No. C–14–1575 EMC, 2014 WL 2702894, at *2 (N.D. Cal. June 13, 2014) (internal quotations omitted).  In addition, a court may transfer a case under 28 U.S.C. § 1406(a) to "any district or division in which it could have been brought if it finds that the case "lay[s] venue in the wrong division or district[.]"  Federal Circuit law governs the personal jurisdiction analysis in a patent-related action.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).

***Discussion***.  Relink does not appear to contest that Section 1404(a) does not prohibit transfer even if the transferee court does not have personal jurisdiction over the plaintiff.  *See Genentech*, 566 F.3d at 1346.  Instead, Relink argues that the Due Process Clause independently precludes a district in which the plaintiff does not have "minimum contacts" from hearing the case.  But "[t]he Due Process Clause of the Fourteenth Amendment limits the power of a [] court to render a valid personal judgment against a nonresident *defendant*," not a plaintiff.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (emphasis added).  Even if the plaintiff were subject to a declaratory counterclaim—which Relink is not—the transferor court's personal jurisdiction over the plaintiff as to the counterclaims "is not lost when the entire case" is properly transferred to another court under Section 1404(a).  *Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490, 496–97 (Fed. Cir.), *vacated on other grounds*, 564 F. App'x 599 (Fed. Cir. 2014).  Such a rule makes sense, as "the plaintiff chose to initiate the litigation enabling the counterclaim and has in no sense been haled into court against his will to defend himself."  *Morrow v. Vertical Doors Inc.*, CV09–0256–PHX–DGC, 2009 WL 1698560, at *2 (D. Ariz. June 17, 2009) (internal quotations omitted); *see also Murray v. Scott*, 176 F. Supp. 2d 1249, 1255 (M.D. Ala. 2001) ("The minimum-contacts concerns inhere when a party is haled into court without its consent upon pain of a default judgment. These concerns are not present when a plaintiff is forced to litigate his case in another forum.").  Accordingly, the Federal Circuit has rejected the argument

that "due process principles" require a plaintiff to have "minimum contacts" with the transferee forum sufficient to support personal jurisdiction. *Elcommerce.com*, 745 F.3d at 495–97 (holding that the transferee court "possesses jurisdiction" regardless of the absence of such minimum contacts).

**IT IS SO ORDERED.**

Dated: July 28, 2025

                                              RITA F. LIN
                                              United States District Judge