Marc Belloli (SBN 244290)
mbelloli@bdiplaw.com
M. Elizabeth Day (SBN 177125)
eday@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

Attorneys for Plaintiff
RELINK US LLC

# IN THE UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RELINK US LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>　　　　Defendant | Case No. 3:25-cv-03365-RFL<br><br>**PLAINTIFF RELINK US LLC'S OPPOSITION TO TESLA, INC.'S MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**<br><br>Date: October 7, 2025<br>Time: 10:00 a.m.<br>Courtroom: 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

i

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND .......................................................................................1

III. LEGAL STANDARD ...................................................................................................3

IV. TESLA'S REQUEST FOR INDEFINITE DELAY SHOULD BE DENIED .....................4

    1. Courts in this District have denied motions to stay pending *ex parte* reexamination under similar circumstances. .......................................................4

    2. Relink would be prejudiced by an indefinite stay. ...................................................6

    3. Relink has invested and continues to invest resources at this stage of the litigation. ..................................................................................................................8

V. CONCLUSION .............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
No. 5:14-CV-02359-PSG, 2015 WL 12839246 (N.D. Cal. Aug. 5, 2015) .................................. 3

*Affinity Labs of Texas v. Apple Inc.*,
C.A. No. 09- 4436-CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010) .................................... 7

*Affinity Labs of Texas, LLC v. Nike, Inc.*,
No. C 10–5543 CW, 2011 WL 1833122 (N.D. Cal. May 13, 2011) ........................................ 8

*Avago Techs. Fiber IP(Singapore) Pte. Ltd. v. IPtronics Inc.*,
No. 10–CV–02863–EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) .................................. 4

*Cronos Techs., LLC v. Expedia, Inc.*,
No. 13-1538-LPS, 2016 WL 1089752 (D. Del. Mar. 21, 2016) ............................................... 8

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
No. C 09–1635 SBA, 2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) ...................................... 3

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
No. C13-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) ......................................... 3

*Facebook, Inc. v. Blackberry Ltd.*,
No. 4:18-cv-05434-JSW, 2020 WL 13890661 (N.D. Cal. June 15, 2020). ...................... 3, 5, 6

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
No. 15-cv-03295-BLF, 2016 WL 7732542 (N.D. Cal. July 25, 2016) ................................... 5, 8

*Finjan, Inc. v. FireEye, Inc.*, No. C 13-03133 SBA,
2017 WL 1150283 (N.D. Cal. Mar. 28, 2017) ......................................................................... 5

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
No. C 06-6613 CW, 2007 WL 3314623 (N.D. Cal. Nov. 6, 2007) ........................................... 7

*Interwoven, Inc. v. Vertical Computer Sys., Inc.*,
No. 10-04645 RS, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012) ............................................... 6

*Nken v. Holder*,
556 U.S. 418 (2009) ................................................................................................................ 3

*Parthenon Unified Memory Architecture LLC v. HTC Corp.*,
No. 14-690-RSP, 2016 WL 3365855 (E.D. Tex. June 16, 2016) ............................................. 7

*Pro-Troll, Inc. v. Shortbus Flashers, LLC*,
No. 16-cv-04062-VC, 2016 WL 11432003 (N.D. Cal. Dec. 23, 2016) .................................... 6

*Telemac Corp. v. Teledigital, Inc.*,
450 F. Supp. 2d 1107 (N.D. Cal. 2006) .............................................................................. 4, 7

*Tric Tools, Inc. v. TT Techs., Inc.*,
No. 12–CV–3490 YGR, 2012 WL 5289409 (Oct. 25, 2012) ................................................... 6

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................ 6

## I. INTRODUCTION

Tesla's motion to stay pending *ex parte* reexamination should be denied because reexamination will not simplify the issues in this litigation even if the PTO cancels all challenged claims (which is very unlikely given recent EPR statistics). This is because Tesla did not request reexamination of all asserted claims, and thus the Court will at least decide issues of infringement and validity as to the unchallenged claims. Further, unlike *inter partes* review, following reexamination Tesla will not be estopped from raising in this Court the same (or any other) invalidity arguments against the surviving claims as it raised with the PTO. Relink also will be greatly prejudiced if a stay is granted as reexamination proceedings can last years and this case has already experienced significant delays.

Six months after this case was filed, Tesla filed a petition for *inter partes* review, which the PTO declined to institute. Now, **more than a year after that denial** Tesla filed a reexamination request and yet again moved to stay. Tesla was not forthcoming about its plans—in recent conferrals and the parties' joint case management statement Tesla failed to disclose that it would be requesting reexamination and moving to stay, instead indicating that it intended to move forward with the case by submitting a proposed case schedule.

Tesla's long and purposeful delay in requesting reexamination and moving to stay the case a second time is the type of procedural gamesmanship that should not be rewarded.

## II. FACTUAL BACKGROUND

On September 13, 2023, Relink filed suit against Tesla for patent infringement in the Western District of Texas. Dkt. No. 1. Relink alleges that Tesla infringes the claims of U.S. Patent No. 9,793,755 (the "'755 patent") by, among other things, selling home backup systems that include a Tesla Solar Inverter, including the Powerwall (fka Powerwall 2) and Powerwall+ systems. Dkt.

No. 21 at ¶¶ 12-38. On December 15, 2023, Tesla moved to transfer the litigation to the Northern District of California. Dkt. No. 32 (redacted version at Dkt. No. 37).

On March 1, 2024—nearly six months after the litigation was filed—Tesla filed a petition for *inter partes* review and moved to stay. Dkt. No. 51. On March 21, 2024, the Texas court granted Tesla's motion to stay. Dkt. No. 59. Nearly four months later, on July 16, 2024, the PTO declined to institute Tesla's IPR. Dkt. Nos. 59, 62. On August 13, 2024, Relink moved to lift the stay, open discovery, and enter a case schedule. Dkt. No. 65. Tesla opposed Relink's request to open discovery and enter a case schedule on the grounds that its transfer motion should be decided first. Dkt. No. 66. On April 3, 2025, the Texas court lifted the stay and granted Tesla's motion to transfer. Dkt. No. 76 (redacted version at Dkt. No. 80). The court declined to rule on Relink's request to open discovery and enter a case schedule in light of its decision to transfer the case. *Id.*

Following transfer, this Court set an initial case management conference for July 16, 2025, and ordered the parties to meet and confer and file a joint case management statement ahead of the conference. Dkt. No. 79. On May 14, 2025, Relink moved to transfer back to Texas on the grounds that this Court does not have personal jurisdiction over Relink. Dkt. No. 81. The parties met and conferred regarding the case management statement prior to its submission. At no point did Tesla inform Relink that it would be requesting *ex parte* reexamination of the '755 Patent or moving for a stay thereafter. On July 9, 2025, the parties filed a joint case management statement. Dkt. No. 94. In that filing, Tesla indicated to Relink and the Court that it intended to move forward with the case by submitting a proposed case schedule. *Id.* at 7-10. However, **less than two weeks later**, on July 21, 2025, Tesla filed a 115-page EPR requesting reexamination of the '755 Patent. Dkt. No. 97. Four days later, Tesla moved to stay based on the EPR. *Id.* The Court denied Relink's motion for retransfer on July 28, 2025. Dkt. No. 98.

2

Tesla filed its request for *ex parte* reexamination and moved to stay **over a year** after the PTO denied its request for *inter partes* review. Tesla requests reexamination of claims 1-14 and 18-20 of the '755 Patent, but does not request reexamination of claims 15-17, which Relink plans to assert.

### III.     LEGAL STANDARD

The party requesting a stay bears the burden to "persuade the court that a stay is appropriate." *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, No. C13-4513-RMW, 2014 WL 819277, at *2 (N.D. Cal. Feb. 28, 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Adaptix, Inc. v. HTC Corp.*, No. 5:14-CV-02359-PSG, 2015 WL 12839246, at *1 (N.D. Cal. Aug. 5, 2015). "There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule would invite parties to unilaterally derail litigation." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09–1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) (quotations and citation omitted). Indeed, courts in this District "have begun to rethink" this District's traditional policy favoring stays pending the outcome of PTO proceedings "due to concerns that staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay." *Facebook, Inc. v. Blackberry Ltd.*, No. 4:18-cv-05434-JSW, 2020 WL 13890661, at *3 (N.D. Cal. June 15, 2020) (quotations omitted).

District courts consider three factors when determining whether to grant a stay pending EPR: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

3

prejudice or present a clear tactical disadvantage to the nonmoving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). As discussed below, all three factors weigh against a stay.

## IV. TESLA'S REQUEST FOR INDEFINITE DELAY SHOULD BE DENIED

### 1. Courts in this District have denied motions to stay pending *ex parte* reexamination under similar circumstances.

Courts in this District have denied motions to stay pending *ex parte* reexamination—both prior to and after institution—to avoid prejudice to the non-moving party and because a stay is not likely to simplify the issues in the litigation. Stays pending *ex parte* reexamination can result in lengthy delay with no efficiency benefit to the court or the parties. For example, *ex parte* reexaminations have no defined end point. With appeals they can and often do take years. And once the reexaminations finally do end with claims surviving, there is no statutory estoppel to simplify issues—nothing prevents defendants from trying again and reasserting the same (or other) invalidity arguments in district court. *See Avago Techs. Fiber IP(Singapore) Pte. Ltd. v. IPtronics Inc.,* No. 10–CV–02863–EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) ("*Inter partes* reexaminations— unlike *ex parte* reexaminations —are guaranteed to finally resolve at least some issues of validity because the requesting party is barred from seeking district court review on any grounds that it could have raised in the reexamination. No such estoppel arises from *ex parte* reexaminations.") (quotations omitted). And as Tesla admits, only 14.1% of reexamination proceedings result in all challenged claims being canceled. Dkt. No. 97 (Mot.) at 7. Otherwise, the claims return to the district court in the same or modified form.

Here, Tesla filed an IPR petition six months into the case, which resulted in a stay, delaying this case. The PTO declined to institute the IPRs, and after an eight-month stay, the Texas court transferred the case to this Court. Then on July 21, 2025—***an entire year*** after the PTO declined to institute Tesla's IPR—Tesla filed its reexamination request and moved to stay. In recent conferrals

and the parties' joint case management statement, Tesla did not inform Relink or the Court that it would be requesting reexamination and moving to stay, instead suggesting it intended to move forward by submitting a proposed case schedule (Dkt. No. 94 at 7-10). Tesla's actions show gamesmanship and purposeful delay, and it should not be permitted to delay this litigation any further, to Relink's detriment.

But even more importantly, Tesla has only requested reexamination of some of the asserted claims. Thus, a stay is not warranted because issues will remain for the Court's determination upon completion of reexamination, even if the PTO cancels all challenged claims. *See Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 15-cv-03295-BLF, 2016 WL 7732542, at *4 (N.D. Cal. July 25, 2016) ("The fact that seven of the ten asserted patents are not subject to IPRs or *ex parte* reexaminations weighs heavily against a stay and outweighs the facts that this case in its early stages and that [plaintiff] has not shown it would be unduly prejudice[d]."); *Finjan, Inc. v. FireEye, Inc.*, No. C 13-03133 SBA, 2017 WL 1150283, at *2-3 (N.D. Cal. Mar. 28, 2017) (denying a stay pending reexamination because only some of the asserted claims were challenged); *Esco*, 2009 WL 3078463, at *3 (denying a stay pending reexamination because one of two patents in suit survived reexamination).

In another case with similar facts, *Facebook v. BlackBerry*, the court denied the defendant's motion to stay pending reexamination where the defendant filed IPRs one year into the case, the case was stayed for four months pending an institution decision, the PTO declined to institute, and only then did the defendant request reexamination. 2020 WL 13890661, at *3-7. The court found it significant that the defendant waited more than a year to request reexamination and only did so after the PTO declined to institute the IPRs, noting that "[c]ourts routinely recognize that waiting to challenge validity until after an adverse ruling suggests gamesmanship and delay—not good faith validity challenges." *Id.* at *4 (collecting cases). The court also found that a stay was not likely to

5

simplify the issues because the PTO had already confirmed the validity of the claims when granting the patents and then again when declining to institute the IPRs. *Id.* In addition, a stay was not likely to simplify the issues where (based on recent statistics) the PTO only cancelled all challenged claims in 12% of cases, and where the defendant would not be estopped from raising the same or different invalidity grounds following reexamination. *Id.* at *5. Finally, the court found that further delay would prejudice the plaintiff, particularly where the circumstances indicated that the defendant sought delay for tactical purposes. *Id.* at *6. Here, a stay is even less warranted than in *Facebook v. BlackBerry* given that not all of the asserted claims are even included in the reexamination request.

Countless additional cases from this District show that Tesla's motion should be denied. *See, e.g.*, *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. 10-04645 RS, 2012 WL 761692, at *2 (N.D. Cal. Mar. 8, 2012) ("That [defendant] waited until after receiving an unfavorable ruling to request reexamination lends credence to [plaintiff's] contention that the current motion is simply a delaying strategy."); *Pro-Troll, Inc. v. Shortbus Flashers, LLC*, No. 16-cv-04062-VC, 2016 WL 11432003, at *1-2 (N.D. Cal. Dec. 23, 2016) (denying a stay based on delay and lack of simplification of the issues); *TPK Touch Sols., Inc. v. Wintek Electro-Optics Corp.*, No. 13–cv–02218–JST, 2013 WL 5289015, at *2-3 (N.D. Cal. Sept. 18, 2013) (same); *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12–CV–3490 YGR, 2012 WL 5289409, at *2-3 (Oct. 25, 2012) (same); *Avago Tech. Fiber IP(Singapore) Pte. Ltd.*, 2011 WL 3267768, at *4-5 (refusing to grant a stay when likelihood of PTO cancellation was low); *TPK Touch Sols.*, 2013 WL 6021324 at *4-5 (denying a stay pending IPR where the defendant did not file the IPR petitions until after it requested reexamination, moved to stay pending reexamination, and the court denied the motion to stay).

**2.      Relink would be prejudiced by an indefinite stay.**

6

This case was already stayed for one year following Tesla's petition for *inter partes* review, and Tesla now asks this Court to grant another stay pending reexamination that could potentially last years. If the Court grants Tesla's Motion, Relink will suffer tremendous prejudice. Relink is a small company whose income is entirely predicated on the enforcement of the '755 patent. Relink has an undeniable and legitimate interest in the timely enforcement of its patents, consistent with the guiding purpose of the Federal Rules to promote a just and speedy determination of claims. Fed. R. Civ. P. 1.

Courts have also recognized and considered that a stay may negatively affect the ability of a plaintiff to license its patents to others. *See, e.g.*, *Affinity Labs of Texas v. Apple Inc.*, No. 09-4436-CW, 2010 WL 1753206 at *2 (N.D. Cal. Apr. 29, 2010) (denying stay pending reexamination that would prejudice patentee because it would not be able to enforce and license its patents until the litigation was resolved, and the defendant had waited eight months to request reexamination after case was filed); *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-1063-LPS-CJB, 2015 WL 8674901 at *7 (D. Del. Dec. 11, 2015) (noting that a stay may harm patentee's ability to license its patents); *Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 14-690-RSP, 2016 WL 3365855 at *2 (E.D. Tex. June 16, 2016) (denying a stay that "would prejudice [Plaintiff's] right to conduct its business").

Yet another lengthy stay pending reexamination would also prejudice Relink because "witnesses may become unavailable, their memories may fade, and evidence may be lost." *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 WL 3314623, at *3 (N.D. Cal. Nov. 6, 2007) (declining to issue a stay because delay would be prejudicial and defendant did not request reexamination for several months after case was filed); *see also Affinity Labs*, 2010 WL 1753206 at *2; *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (stay could

lead to "further loss of information" and a "tactical disadvantage"); *Cronos Techs., LLC v. Expedia, Inc.*, No. 13-1538-LPS, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016).

Tesla's argument that Relink contributed to delays in this litigation by filing a motion to transfer the case back to Texas is incorrect. Relink had a legitimate basis under the Constitution to move for retransfer, and in any event, the case was moving forward while Relink's motion was pending. *See, e.g.*, Dkt. Nos. 88, 89, 94. Moving for retransfer did not delay this case.

**3.  Relink has invested and continues to invest resources at this stage of the litigation.**

Relink has already invested and will continue to invest significant time and resources in litigating this case. Relink filed this case on September 13, 2023 and Tesla moved to transfer on December 15, 2023. The parties thereafter engaged in venue and jurisdictional discovery, including interrogatories and four depositions. The parties exchanged initial disclosures on February 23, 2024. The parties also propounded and responded to discovery requests prior to this case being stayed in February 2024 before this case was stayed the first time, though Tesla resisted responding on the grounds of its last motion to stay more than a year ago. Declaration of Marc Belloli, Exs. A, B, C, D. After two years of heavy investment, this case is ready to (finally) proceed toward judgment which is why the timing of Tesla's request for reexamination and stay evinces gamesmanship.

Accordingly, Tesla's argument that significant work remains in this case does not support granting a stay. At best for Tesla, this factor is neutral and does not outweigh the other two factors that weigh heavily against a stay. *See Finjan v. Blue Coat Systems*, 2016 WL 7732542, at *4; *Affinity Labs of Texas, LLC v. Nike, Inc.*, No. C 10–5543 CW, 2011 WL 1833122, at *1-2 (N.D. Cal. May 13, 2011) (denying stay even though case was in early stages and simplification of issues factor was neutral because delay would prejudice plaintiff and defendant had waited nine months to request reexamination after suit was filed).

## V. CONCLUSION

Plaintiff Relink respectfully requests that the Court deny Defendant Tesla's Motion to Stay and enter a case schedule (*see* Dkt. No. 94).

Dated: August 15, 2025                    Respectfully submitted,

*/s/ Marc Belloli*
Marc Belloli (SBN 244290)
mbelloli@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

Attorneys for Plaintiff
Relink US LLC

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically filed the foregoing document using the Court's ECF system which will electronically serve the same upon all counsel of record.

*/s/ Marc Belloli*
Marc Belloli (SBN: 244290)