Terry W. Ahearn, SBN 216543
tahearn@tesla.com
Krista M. Carter, SBN 225229
kricarter@tesla.com
Gina H. Cremona, SBN 305392
gcremona@tesla.com
3000 Hanover St.
Palo Alto, CA 94304
Tel: 408.204.7384

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISON

| | |
|---|---|
| RELINK US LLC, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC., <br><br> Defendant. | Case No. 3:25-cv-03365-RFL <br><br> **TESLA, INC.'S REPLY IN SUPPORT OF ITS NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE* REEXAMINATION** <br><br> Date: October 7, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 15, 18th Floor <br> Judge: Hon. Rita F. Lin |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. DISCUSSION ....................................................................................................................... 2

    A. A Stay Will Help Simplify The Issues ..................................................................... 2

        1. The EPR Will Not Result In A Lengthy Delay ............................................ 3

        2. The EPR Will Have An Estoppel Effect On The Parties .............................. 3

        3. Tesla Has Not Engaged In Gamesmanship ................................................... 4

        4. All Claims Of The Asserted Patent Will Be Impacted By The EPR ............. 5

    B. Relative Claims Of Prejudice Favor A Stay ............................................................. 5

    C. The Case Remains In Its Early Stages ...................................................................... 7

III. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Nike, Inc.*,
   No. cv-10-5543-CW, 2011 WL 1833122 (N.D. Cal. May. 13, 2011) ..................................... 7

*Affinity Labs of Texas v. Apple Inc.*,
   No. cv-09-4436-CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010) ..................................... 6

*Apple Inc. v. IXI IP, LLC*,
   No. 19-cv-06769-HSG, 2021 WL 389214 (N.D. Cal. Jan. 26, 2021) ............................. 2, 3, 7

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
   No. 10-CV-02863-EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) ................................. 2

*Cronos Techs., LLC v. Expedia, Inc.*,
   No. 13-1538-LPS, 2016 WL 1089752 (D. Del. Mar. 21, 2016) ............................................ 6

*Evolutionary Intel. LLC v. Yelp Inc.*,
   No. cv-13-03587-DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ................................ 6

*Facebook, Inc. v. Blackberry Ltd.*,
   No. 4:18-cv-05434-JSW, 2020 WL 13890661 (N.D. Cal. June 15, 2020) ......................... 4, 5

*Finjan, Inc. v. Blue Coat Systems*, *Inc.*,
   No. 15-cv-03295-BLF, 2016 WL 7732542 (N.D. Cal. Jul, 25, 2016) ................................... 7

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
   No. cv-06-6613-CW, 2007 WL 3314623 (N.D. Cal. Nov. 6, 2007) ...................................... 6

*Google LLC v. EcoFactor, Inc.*,
   No. 22-CV- 00162-JSW, 2023 WL 1442952 (N.D. Cal. Feb. 1, 2023) ................................. 2

*Interwoven, Inc. v. Vertical Computer Sys., Inc.*,
   No. cv-10-04645 RS, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012) ........................................ 2

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   No. cv-05-03116-JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ................................... 4

*Krippelz v. Ford Motor Co.*,
   667 F.3d 1261 (Fed. Cir. 2012) ............................................................................................. 4

*Lyft, Inc. v. AGIS Software Dev. LLC*,
   No. 21-CV-04653-BLF, 2022 WL 1592441 (N.D. Cal. May 19, 2022) ............................... 3

*Microsoft Corp. v. Tivo Inc.*,
   No. 10-cv-00240-LHK, 2011 WL 1748428 (N.D. Cal. May 6, 2011) ............................... 3, 7

*PersonalWeb Techs., LLC v. Apple Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) .................................................................................. 6

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
   No. 12-cv-4958-PSG, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ..................................... 3

*Pragmatus AV, LLC v. Facebook, Inc.*,
   No. 11-cv-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .................................... 7

*Pro-Troll, Inc. v. Shortbus Flashers, LLC*,
   No. 16-cv-04062-VC, 2016 WL11432003 (N.D. Cal. Dec. 23, 2016) ................................... 2

*Software Rts. Archive, LLC v. Facebook, Inc.*,
   No. cv-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ................................. 6

*Telemac Corp. v. Teledigital, Inc.*,
   450 F. Supp. 2d 1107(N.D. Cal. 2006) .................................................................................. 6

*Topia Tech., Inc. v. Dropbox Inc.*,
   No. 23-CV-00062-JSC, 2023 WL 3437823 (N.D. Cal. May 12, 2023) ................................. 7

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corporation*,
   No. 13-CV-02218-JST, 2013 WL 5289015 (N.D. Cal. Sept. 18, 2013) ................................ 2

*Tric Tools, Inc. v. TT Techs., Inc.*,
   No. 12-CV-3490 YGR, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012) .................................. 2

## I. INTRODUCTION

Relink's Opposition (ECF No. 102) ("Opp.") fails to meaningfully rebut Tesla's Motion to Stay Pending *Ex Parte* Reexamination ("EPR") ("Mot.") (ECF No. 97). The well-established framework supports staying this case pending the EPR of U.S. Patent No. 9,793,755 (the "'755 patent") – the only asserted patent in this case.

First, the potential to simplify the case is substantial. Relink downplays the impact of EPRs on patent cases notwithstanding frequent recognition by courts in this District that EPRs are very likely to streamline, narrow, and clarify the issues in dispute. Relink overstates, without evidence, the potential delay from an EPR while actual, current evidence shows otherwise. Relink feigns the lack of estoppel while ignoring the practical impact of an EPR. The parties are unlikely to repeat arguments in the district court. And any disclaimers during the EPR will provide guidance to the Court. Nor has Tesla engaged in any gamesmanship. Tesla filed its EPR only three months after the stay was lifted and the case was transferred to this Court. Tesla filed its request to stay only four days after filing the EPR. Tesla's good faith is demonstrated by the fact that prior to filing the EPR Tesla sought new EPR counsel and developed five new prior art references and twelve new grounds. And Relink's suggestion that this case won't be simplified because three of the twenty claims were not challenged is silly. Litigating three claims versus twenty claims would greatly simplify the issues in this case in every way, including, most significantly, during claim construction. In addition, these three claims are either dependent on or related to an independent claim that is being challenged. Thus, cancellation or amendment of the requested claims, or statements made about them, would impact all claims of the '755 patent. Should the case move forward during the pendency of the EPR, Relink completely ignores the real likelihood that contentions would have to be redone; claim construction would have to be redone; and fact and expert discovery supplemented.

Second, Relink's claims of prejudice are belied by the facts and the law. Relink argues it would suffer "tremendous prejudice" from being delayed in its ability to license the asserted patent to Tesla – the only company Relink has sued on the '755 patent. ECF No. 102 (Opp. at 7:3). This

argument has been rejected by the courts. Relink also speculates, again, without any evidence, it would be prejudiced because witnesses may become unavailable and evidence may be lost. This argument too has been repeatedly rejected by the courts.

Lastly, Relink overstates what has transpired in this case to date. Without question, this case is in its preliminary stages save for certain procedural, threshold issues (e.g., venue, jurisdiction). The vast majority of work remains to be done.

In short, the relevant factors heavily favor a stay, and a stay is warranted.

## II. DISCUSSION

### A. A Stay Will Help Simplify The Issues

Courts in this District have routinely found that stays are warranted due to the potential case simplification offered by EPRs. *See, e.g., Apple Inc. v. IXI IP, LLC*, No. 19-cv-06769-HSG, 2021 WL 389214, at *2 (N.D. Cal. Jan. 26, 2021) ("The Court finds it likely that the current reexaminations could simplify the cases by rendering some or all of Defendants' infringement claims moot and providing the Court with [the PTO]'s expert opinion on the claims at issue."); *Google LLC v. EcoFactor, Inc.*, No. 22-CV- 00162-JSW, 2023 WL 1442952, at *2 (N.D. Cal. Feb. 1, 2023) ("In light of the fact that the PTAB has initiated reexamination proceedings on three of the four patents at issue at a time when this Court has not begun claim construction proceedings, the Court concludes EcoFactor has demonstrated that a stay would simplify the issues."). Relink's arguments to the contrary all fail.[1] This factor favors a stay.

---

[1] The "[c]ountless additional cases" Relink cites in support of this factor (ECF No. 102 (Opp. at 6:11-25)) are all distinguishable. *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *4 (N.D. Cal. July 28, 2011) ("invalidity and infringement contentions had already been exchanged, claim construction discovery was complete," "the parties had completed a joint claim construction statement," and fact discovery was "well underway," with "more than two million pages of documents … produced, and at least two depositions … taken"); *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. cv-10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (denying stay where parties were competitors and, along with the Court, "ha[d] expended sufficient resources and time" on discovery and claim construction "to render a stay untenable"); *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012) (denying stay where one of four patents on petition had already been reexamined and upheld and the parties were competitors); *TPK Touch Sols., Inc v. Wintek Electro-Optics Corporation*, No. 13-CV-02218-JST, 2013 WL 5289015 (N.D. Cal. Sept. 18, 2013) (court relied on now outdated statistics to find a lack of simplification); *Pro-Troll, Inc. v. Shortbus Flashers, LLC*, No. 16-cv-04062-VC, 2016 WL11432003, at *1-2 (N.D. Cal. Dec. 23, 2016) (parties were competitors).

### 1. The EPR Will Not Result In A Lengthy Delay

Without any support, Relink argues that a stay will not simplify the issues in this case because stays pending EPRs "can result in lengthy delay with no efficiency benefit to the court or the parties." ECF No. 102 (Opp. at 4:7-11). This is not true. First, the most recent U.S.P.T.O. statistics from the first quarter of FY 2025 show that the average number of months from the filing of an EPR to the issuance of a reexamination certificate is only 16.06 months. ECF No. 97-01, 97-03 (Ahearn Dec., ¶ 9, Ex. B at p.2). Second, even if no claims are cancelled or amended, statements made by Relink in the EPR would bear on issues of claim construction (prosecution disclaimer) or noninfringement (prosecution history estoppel). *Apple*, 2021 WL 389214, at *2 ("[t]he standard is simplification of the district court case, not complete elimination of it"). Likewise, "[d]elays based on the length of the PTO's review *standing alone* do not amount to undue prejudice." *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. 12-cv-4958-PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) (emphasis in original); *Microsoft Corp. v. Tivo Inc.*, No. 10-cv-00240-LHK, 2011 WL 1748428, at *6 (N.D. Cal. May 6, 2011) ("the delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice.").

### 2. The EPR Will Have An Estoppel Effect On The Parties

Relink also asserts there can be no simplification of the issues from the EPR because "there is no statutory estoppel to simplify issues—nothing prevents defendants from trying again and reasserting the same (or other) invalidity arguments in district court." ECF No. 102 (Opp. at 4:12-15). Relink oversimplifies the lack of statutory estoppel in an EPR.

The lack of statutory estoppel does not change the fact that "EPR proceedings are still likely to simplify, clarify, or otherwise impact the present proceedings." *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1592441, at *4 (N.D. Cal. May 19, 2022) (rejecting argument that simplification is diminished because "EPR review does not have an estoppel effect"). Indeed, the lack of estoppel hardly matters if the claims end up being cancelled. Even without formal estoppel, if Relink successfully distinguishes the combinations raised in the EPR, it is highly unlikely that Tesla would re-argue those same grounds in the district court. Further, Relink, itself,

will be estopped based on any disclaimers it makes during the EPR proceedings. *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). In addition, when faced with prior art it is trying to distinguish, Relink might make statements during the EPR that will inform the construction of the claims. This is a common outcome of an EPR.

### 3. Tesla Has Not Engaged In Gamesmanship

Relink complains that Tesla's request for EPR and this motion "show gamesmanship and purposeful delay…." ECF No. 102 (Opp. at 5:3-6). As a patentee "having protection under the patent statutory framework," Relink "may not 'complain of the rights afforded to others by that same statutory framework.'" *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. cv-05-03116-JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006). Tesla's efforts to defend itself have been diligent and earnest. ECF No. 97 (Mot. at 9:24-10:14). That is, following the denial of Tesla's petition for *inter partes* review and Relink's motion to lift the previous stay, the case remained stayed and Tesla's motion to transfer remained pending for another nine months. *Id.* at 3:4-20. In the interim, Tesla retained new counsel, conducted prior art searches, and engaged in substantive analysis. *Id.* at 3:4-20 and 9:24-10:14. As diligently as possible, and within roughly three months of the case being transferred to this Court, Tesla filed its EPR. *Id.* at 3:14-23. And only four days later, having already informed Relink of its EPR, Tesla filed this motion with the Court (and in advance of the previously scheduled case management conference). *Id.* at 10:11-14.

Relink's reliance on *Facebook, Inc. v. Blackberry Ltd.*, No. 4:18-cv-05434-JSW, 2020 WL 13890661 (N.D. Cal. June 15, 2020), is misplaced. ECF No. 102 (Opp. at 5:19-6:11). This case is in an entirely different posture. *Id.* at *3. There, the parties were engaged in fact discovery, including technical document production and inventor depositions. *Id.* Claim construction had already taken place and the court had construed claim terms in five of the asserted patents. *Id.* Nevertheless, the court still found that "[r]eexamination may, in almost all cases, conceivably simplify issues by cancelling the claims, thus 'eliminat[ing] the need for trial,' or by 'providing the

court with expert opinion of the PTO and clarifying the scope of claims." *Id.* at *4 (citations omitted). The court ultimately denied the motion to stay in *Facebook* but not based on any similar circumstances that are present here. *Id.* at *6. Rather, the *Facebook* court concluded, "[t]he nature of the parties' relationship explain[ed]" why Blackberry filed a request for reexamination following the non-institution decision in the IPRs. *Id.* "The parties [were] engaged in a cross-jurisdictional dispute[] [where] a stay [would] determine which case goes first." *Id.* No such circumstance exists here. *Facebook* applies the same legal principles applicable here but is distinguishable from the facts of this case.

### 4. All Claims Of The Asserted Patent Will Be Impacted By The EPR

Relink incorrectly argues that a stay is not warranted because "Tesla has only requested reexamination of some of the asserted claims" and "issues will remain for the Court's determination upon completion of reexamination, even if the PTO cancels all challenged claims." ECF No. 102 (Opp. at 5:7-18). First, litigating three claims versus twenty claims would significantly simplify the issues in dispute, including contentions, claim construction, and discovery. Further, the three claims that Tesla did not challenge in the EPR (claims 15-17) are either dependent on or related to one of the three independent claims being challenged (claim 1). ECF No. 21-1 ('755 patent at col. 10). Thus, cancellation or amendment (or statements made during prosecution) regarding claim 1 of the '755 patent would also impact unchallenged claims 15-17.

### B. Relative Claims Of Prejudice Favor A Stay

Relink bellows the "tremendous prejudice" it would suffer by a stay because "Relink is a small company whose income is entirely predicated on the enforcement of the '755 patent." ECF No. 102 (Opp. at 7:3-5). Small, indeed, considering Tesla is the only company Relink has ever sued on the '755 patent. Of course, Relink does not explain how its allegations of infringement against Tesla somehow impact whether others are infringing the '755 patent. Notwithstanding the cases Relink cites from outside this District and the one case from this District that predates more recent District precedence (ECF No. 102 (Opp. at 7:10-20)), "speculative harm to licensing efforts

does not supply a reason to deny a stay." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014).

If Relink believes others are infringing the '755 patent, it is free to sue them now. If Relink is truly concerned with having questions of the '755 patent's validity resolved in this matter before it continues its patent assertion campaign, engaging in the EPR process seems the most efficient way forward. But Tesla is entitled to a defense.

Relink also contends a stay would prejudice Relink because "witnesses may become unavailable, their memories may fade, and evidence may be lost." ECF No. 102 (Opp. at 7:21-8:2) (citing *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. cv-06-6613-CW, 2007 WL 3314623, at *3 (N.D. Cal. Nov. 6, 2007)). Such non-specific, "[s]peculative assertions that evidence may be lost as a result of a stay pending reexamination are insufficient." *Evolutionary Intel. LLC v. Yelp Inc.*, No. cv-13-03587-DMR, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013). Notably, Relink "has not identified a particular … witness who is likely to be lost" or identified any reason why the "the relevant technology or evidence thereof would become 'unavailable' for the purposes of a patent infringement analysis." *Software Rts. Archive, LLC v. Facebook, Inc.*, No. cv-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013).

The cases Relink cites in support of this argument are distinguishable. *Fujitsu*, 2007 WL 3314623, at *3 (the parties were competitors and the case had significantly progressed with 900,000 pages of documents having been produced); *Affinity Labs of Texas v. Apple Inc.*, No. cv-09-4436-CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010) (involved stay pending *inter partes* reexamination); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107(N.D. Cal. 2006) (because substantial discovery had already taken place, the Judge was familiar with the patents in suit, and defendant may lack resources to compensate patentee on a finding of infringement, court denied motion to stay); *Cronos Techs., LLC v. Expedia, Inc.*, No. 13-1538-LPS, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (reexamination proceedings were at an early stage while discovery was complete and dispositive motions had been filed). This factor favors a stay.

### C. The Case Remains In Its Early Stages

Relink argues that the stage of the case is neutral. ECF No. 102 (Opp. at 8:22). Nevertheless, Relink boldly states it has made a "heavy investment" in this case and that the case "is ready to (finally) proceed toward judgment." *Id.* at 8:18-20. Relink entirely overstates what has transpired in this case to date. This factor clearly favors a stay.

As an initial matter, "case progress, not length of case pendency is relevant to this factor." *Topia Tech., Inc. v. Dropbox Inc.*, No. 23-CV-00062-JSC, 2023 WL 3437823, at *4 (N.D. Cal. May 12, 2023) (rejecting argument that case was "initiated [] over 15 months ago," and finding "early litigation stage favors a stay because the Court and parties may conserve resources on issues the PTAB proceeding may inform, decide, or moot."). The parties have engaged in one round of discovery requests consisting solely of pro forma responses devoid of substance and without producing a single document. ECF No. 102-1 (Belloli Dec., Exs. A-D). There has been no case schedule entered, no protective order entered, no exchange of contentions, no claim construction, and no trial date has been set.

In deciding whether to stay a proceeding pending an EPR, courts in this District consistently hold that the standard is "whether discovery is complete and whether a trial date has been set." *Apple*, 2021 WL 389214, at *2; *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *Microsoft*, 2011 WL 1748428, at *4. Neither has happened here. The cases cited by Relink offer no support. In *Finjan, Inc. v. Blue Coat Systems, Inc.*, No. 15-cv-03295-BLF, 2016 WL 7732542 (N.D. Cal. Jul, 25, 2016), the court held "[t]he fact that seven of the ten asserted patents are not subject to IPRs or *ex parte* reexaminations weigh heavily against a stay and outweighs the facts that this case [is] in its early stages and that Finjan has not shown it would be unduly prejudice[d]." *Id.* at *4. And *Affinity Labs of Texas, LLC v. Nike, Inc.*, No. cv-10-5543-CW, 2011 WL 1833122 (N.D. Cal. May. 13, 2011) involved a stay pending *inter partes* reexamination.

## III. CONCLUSION

For the reasons stated herein, and in Tesla's opening brief, Tesla respectfully requests that the Court stay this case until the proceedings in the EPR directed to the '755 patent are complete.

TESLA, INC.

Respectfully submitted,

/s/ *Terry W. Ahearn*

Terry W. Ahearn, SBN 216543
tahearn@tesla.com
Krista M. Carter, SBN 225229
kricarter@tesla.com
Gina H. Cremona, SBN 305392
gcremona@tesla.com
3000 Hanover St.
Palo Alto, CA 94304
Tel: 408.204.7384

***Counsel for Tesla, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 29, 2025, a true and correct copy of the foregoing reply was served on all counsel of record who have appeared in this case via email and/or the Court's CM/ECF system per Local Rule CV-5.

*/s/ Terry W. Ahearn*
Terry W. Ahearn

9   TESLA, INC.'S REPLY IN SUPPORT OF ITS NOTICE OF
MOTION AND MOTION TO STAY PENDING EX PARTE
REEXAMINATION
3:25-cv-03365-RFL