UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELINK US LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA INC.,<br><br>        Defendant. | Case No. 25-cv-03365-RFL<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 97 |

      About a year after the Patent Trial and Appeal Board denied institution of Tesla's petition for *inter partes* review ("IPR"), Tesla requested that the United States Patent and Trademark Office (the "USPTO") conduct an *ex parte* reexamination ("EPR") of the '755 Patent, the sole patent at issue in this patent infringement case. Tesla now moves to stay the case again, this time pending resolution of EPR proceedings, including any appeals. For the reasons set forth below, the motion is **GRANTED**. This Order assumes that the reader is familiar with the facts of the case and the parties' arguments.[1]

      Courts consider three factors in deciding whether to stay pending resolution of EPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *See Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted). All three factors favor granting the motion to stay.

      ***Discovery and Trial.*** The parties have conducted almost no substantive discovery. This

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

case began in the Western District of Texas.  Tesla moved to stay pending IPR one month after the parties' initial Rule 26(f) conference, and the case remained stayed until just under four months before Tesla filed its instant motion to stay pending EPR.  Each side has served a single set of document requests and interrogatories and responses and objections thereto, but it does not appear that any significant exchange of documents or information has occurred.  The case schedule was not reset after the Texas district court lifted the stay, because the case was immediately transferred to this Court.  Then, Relink moved to transfer the case back to Texas, and Tesla moved to stay pending EPR while Relink's re-transfer motion was pending.  Accordingly, there is currently no case schedule or trial date set.  The first factor thus weighs in favor of staying the case.  *See, e.g.*, *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 WL 1592441, at *2-3 (N.D. Cal. May 19, 2022) (first factor weighs in favor of stay where, among other things, trial over a year away and no merits discovery has occurred).

      ***Simplification of Issues.***  Tesla requested EPR for 17 out of the 20 patent claims at issue in this case.  And the three claims not subject to the EPR request (Claims 15, 16, and 17) are related to Claim 1, which is at issue in the EPR.  (*See* Dkt. No. 21-1 at column 10 (Claim 15 based on Claim 1; Claims 16 and 17 based on Claim 15).)  So EPR proceedings could impact all of the claims at issue in this case.  Tesla also submits statistics from the USPTO indicating that, as of September 30, 2024, 92.6% of EPR requests are granted, and 78.1% of EPR proceedings result in canceled or changed claims.  (*See* Dkt. No. 97-2.)  Accordingly, the second factor weighs in favor of a stay.  *See, e.g.*, *Lyft*, 2022 WL 1592441, at *3 (second factor weighs in favor of a stay where, among other things, most of the claims at issue are covered by IPR and EPR requests, and statistics indicate likelihood that those proceedings would impact at least some patents).

      Relink suggests that EPR proceedings would not simplify the issues in this case because Tesla would not be estopped from re-raising the same issues in this litigation, and EPR rarely results in wholesale cancellation of claims.  But even absent cancellation of claims, reexamination would still simplify issues by "providing the court with expert opinion of the PTO

2

and clarifying the scope of the claims." *See Facebook, Inc. v. BlackBerry Ltd.*, No. 18-cv-05434-JSW, 2020 WL 13890661, at *4 (N.D. Cal. June 15, 2020) (citations omitted). Moreover, amendments to the claims in the course of the EPR would likely affect the arguments Relink may make in this litigation as well as the scope of the claims at issue.

   ***Prejudice.*** Courts evaluate prejudice along four factors: "(i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship between the parties." *See Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, 703 F. Supp. 3d 1007, 1010 (N.D. Cal. 2023) (citation omitted). With respect to the first three factors, Relink primarily argues that further delay would prejudice it. But "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-cv-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020) (citations omitted). Relink has not carried its burden to make such a showing. Nor has it presented specific evidence as to why significant evidence might grow stale. *See, e.g., PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014). Relink also suggests that Tesla delayed filing its EPR request until about a year after denial of IPR institution to obtain a tactical advantage. There are many instances in which serial filing of reexamination requests, and attempts to stay pending reexamination, could be fairly inferred to constitute gamesmanship. The circumstances here, however, do not support that inference. In the intervening year following the denial of IPR institution, "Tesla retained new counsel for the [EPR], conducted new prior art searches to identify additional prior art, and conducted extensive analysis and consultation with an expert in preparation of the [EPR] request." (Dkt. No. 97-1 ¶ 6.) Those facts cut against the assertion that Tesla delayed in submitting its EPR request to obtain an improper advantage. To be sure, Tesla did not, according to Relink, notify Relink during a case management meet and confer that it intended to subsequently submit an EPR request and move to stay. It is not clear, however, how failure to do so prejudiced Relink or improperly advantaged Tesla. With respect to the fourth factor, Relink and Tesla do not compete

against each other.  That cuts against a finding of prejudice.  *See, e.g.*, *CF Traverse LLC v. Amprius, Inc.*, No. 20-cv-00484-RS, 2020 WL 6820942, at *1 (N.D. Cal. Nov. 6, 2020).

Relink also argues that a stay would result in prejudice because its "income is entirely predicated on the enforcement of the '755 patent," and "a stay may negatively affect [its] ability . . . to license its patent[] to others."  (*See* Dkt. No. 102 at 10.)  But Relink does not explain how staying this action would prevent it from licensing its patent or why an eventual damages award would not result in complete recovery despite a stay.  *See, e.g.*, *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1038 (N.D. Cal. 2015) (no prejudice where the plaintiff did not explain how a stay would impact its "licensing activities" or why monetary relief would not "fully restore[] [it] to the *status quo ante*").  Nor does Relink's investment in the litigation to date provide a basis to find prejudice, in light of the limited proceedings that have occurred so far.  (*See* Dkt. No. 102 at 11.)  Accordingly, the third factor weighs in favor of a stay.

*Conclusion.*  All three factors weigh in favor of a stay, so the motion to stay is **GRANTED**, and this action is **STAYED**.  The parties shall file a status report:  (1) on **February 11, 2026**, and every 120 days thereafter; and (2) within 14 days after the completion of EPR proceedings, including any appeals.  *Cf. DDC Tech., LLC v. Google LLC*, No. 23-cv-01160-RFL, 2025 WL 829588, at *1 (N.D. Cal. Feb. 10, 2025) (declining to lift stay following issuance of IPR decisions where "Google has appealed the decisions in three of the IPRs to the Federal Circuit").

**IT IS SO ORDERED.**

Dated: October 14, 2025

RITA F. LIN
United States District Judge